■ RHODA GILBERT, Appellant-Respondent, v EDWARD M. GILBERT, Respondent-Appellant.—Order, Supreme Court, New York County, entered July 11, 1978, which, *inter alia,* limited the examination of the defendant to the period subsequent to June 24, 1977, modified, on the law, and in the exercise of discretion, to allow the examination of the defendant for the period subsequent to April 24, 1975, and, as modified, affirmed, without costs. Order, Supreme Court, New York County, entered October 16, 1978, which, *inter alia,* denied the branch of plaintiff's motion to compel discovery, modified, on the law, and in the exercise of discretion and defendant directed to appear for examination at Special Term, Part II, Supreme Court, New York County, on 10 days' written notice from the plaintiff, or at such other time and place as the parties may agree, and, as modified, affirmed, without costs. In its decision, dated July 10, 1978, the court at Special Term properly permitted the plaintiff to examine the defendant with regard to his

finances. At that point in time, a question of fact clearly existed as to whether the defendant had reasonably determined, under article 5 of the parties' second agreement, that he did not have the financial resources to obtain a $100,000 life insurance policy on his life in favor of the plaintiff. If the defendant was in breach of article 5, then the plaintiff had the option under article 7 of the second agreement to reinstate her rights under the first agreement. Shortly after the issuance of the decision, dated July 10, 1978, the defendant secured the requisite policy on his life. Contrary to the court's assertion in its decision, dated October 16, 1978, the subsequent procurement of the policy did not render academic the question of whether the plaintiff had previously breached article 5 of the second agreement. That question remained unresolved and should have been pursued at an examination. Furthermore, in its decision, dated July 10, 1978, the court improperly limited plaintiff's examination of the defendant to the period subsequent to June 24, 1977, the date of Justice Shainswit's prior decision in this matter. In that decision, Justice Shainswit merely stated that "It has not been established in the moving papers that his conclusion that he cannot now afford such a policy is unreasonable". Justice Shainswit did not rule that the defendant's failure to obtain the policy up to that date was justified or that the alleged breach was not willful. The plaintiff will be given the opportunity, as requested, to examine the defendant as to his finances from April 24, 1975, to the date of the examination. The examination will proceed at Special Term, Part II, Supreme Court, New York County, on 10 days' written notice from the plaintiff, or at such other time and place as the parties may agree. We find no merit to the other points raised by defendant. The plaintiff did give proper notice of default to the defendant. The court at Special Term was fully warranted in awarding the plaintiff counsel fees of $750 on the reargued motion. Defendant's motion to strike a portion of plaintiff's appendix is denied as academic. We did not consider that portion of the appendix in deciding this appeal. Concur—Murphy, P. J., Sullivan, Markewich, Lupiano and Silverman, JJ.